**Lee Autry ROBINSON, Petitioner, Appellant,**

v.

**C. L. BENSON, Warden, Leavenworth Federal Penitentiary, Respondent-Appellee.**

No. 77-1775.

United States Court of Appeals, Tenth Circuit.

Submitted Jan. 31, 1978.

Decided Feb. 24, 1978.

Lee Autry Robinson, pro se.

James P. Buchele, U. S. Atty., Mary K. Briscoe, Asst. U. S. Atty., Topeka, Kan., for respondent-appellee.

Before SETH, PICKETT and McWIL-LIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District Court for the District of Kansas denying habeas corpus relief sought pursuant to 28 U.S.C. § 2241. In affirming the district court order, we choose to discuss only Robinson's claims regarding the procedures followed in rescission of his parole.

Robinson had been convicted of interstate transportation of stolen securities and was sentenced to a term of five years imprisonment. Apparently, Robinson's date of parole had been approved. While residing at the Federal Correctional Institution, Kansas City, Kansas, awaiting parole, Robinson was arrested in Kansas City, Missouri, on charges of attempting to pass a bad check. He was held in the Jackson County Jail, Kansas City, Missouri.

A copy of the incident report was delivered to Robinson on July 26, 1976, reflecting that he was charged with violating staff rules, namely, the failure to obey local, state and federal laws. He was informed that a hearing would be conducted by the institutional disciplinary committee at the jail on July 29, 1976. He was told that he could have a staff member represent him at the hearing, to which he agreed.

The hearing conducted by the IDC was held prior to the state preliminary hearing on state charges. On August 1, 1976, Robinson was informed that the Board had found probable cause for rescission of parole. On October 13, 1976, the state charges were dismissed against him due to the inability to locate essential witnesses. Robinson was transferred to the Federal Penitentiary at Leavenworth, Kansas on October 27, 1976.

Thereafter, Robinson was informed that a final rescission hearing was scheduled for December 14, 1976. He allegedly requested appointment of counsel but was told that he had no such right to counsel, and that a staff member would represent him if he so desired. On December 13, 1976, Robinson was allowed access to the files in his case, finding that the board had relied on a staff member's opinion that the state had a strong case against him, and upon a writing sample taken after his arrest which appeared to match the writing on the bad check. On December 14, 1976, the final parole rescission hearing was held. Robinson was represented by a staff member, and Robinson's wife was present to testify in mitigation. The parole grant was rescinded and Robinson was continued in custody until expiration on April 14, 1978.

Robinson's petition presents the question of what due process rights must be afforded in parole rescission proceedings. See *Sexton v. Wise,* 494 F.2d 1176 (5th Cir. 1974); *MacIntosh v. Woodward,* 514 F.2d 95 (5th Cir. 1975); *Williams v. United States Board of Parole,* 383 F.Supp. 402 (D.Conn. 1974); *Green v. Nelson,* 442 F.Supp. 1047 (D.Conn.1977).

As the Supreme Court stated in *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972):

"Due process is flexible and calls for such procedural protections as the particular situation demands. 'Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as the private interest that has been affected by governmental action.' . . . Its flexibility is in its scope once it has been determined that some process is due; it is a recognition that not all situations calling for procedural safeguards call for the same kind of procedure."

There is no specific statute governing parole rescission proceedings. However, 28 C.F.R. § 2.34 (1976) states that when an effective date of parole has been set by the Commission, release on that date shall be conditioned on continued good conduct by the prisoner. That regulation refers to § 2.12 and § 2.13 which govern parole eligibility, and which generally provide for notice of charges, hearing, and written reasons for the denial of parole. Applicable Board regulations do not provide for appointment of counsel; however a prisoner may be represented by a person of his choice. Nor do these regulations provide for the opportunity to call witnesses or to confront and cross examine adverse witnesses.

■ As a result of the setting of Robinson's parole date, Robinson had more than a mere anticipation of freedom, but rather a concrete expectation contingent upon continued good behavior. Thus, Robinson was certainly entitled to minimum due process procedures. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, we observe that Robinson was not yet enjoying the liberty interest of a prisoner actually released on parole, as described in *Morrissey v. Brewer, supra* at 482, 92 S.Ct. 2593.

When Robinson's parole was rescinded, Robinson was returned to the federal penitentiary at Leavenworth, Kansas, and the parole board determined to continue him in custody until expiration. While Robinson's return to Leavenworth was at least in part predicated upon the rescission of parole, it is clear that the Attorney General pursuant to 18 U.S.C. § 4082(b) has authority to transfer a prisoner from one place of confinement to another for any reason whatsoever or for no reason at all. *Meacham v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Turning now to the specific safeguards of which Robinson claims to be deprived, Robinson first complains that he was not provided with a copy of the charges against him. However, he thereafter contradicts himself in stating that a copy was delivered to him at the jail.

Robinson next complains that his initial hearing was conducted at the Jackson County Jail. However, such local hearing is in accordance with due process safeguards and 18 U.S.C. § 4214 in connection with parole revocation.

Next, Robinson argues that the Board had no authority to convict him of state charges for purposes of rescission of parole. Apparently, Robinson misunderstood statements by the IDC officer who delivered a copy of the charges against him, and who attempted to explain their basis.

Furthermore, there is no merit to Robinson's argument that the dismissal of state charges against him removed any basis for the Parole Board's decision to rescind parole. In parole revocation, all that is required is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms of his release. Only if as a matter of law the dismissal of state charges removes all factual support from revocation can a parolee be successful. *Mack v. McCune,* 551 F.2d 251, 254 (10th Cir. 1977). Where release on the scheduled parole date was conditioned upon continued good conduct, we hold that the dismissal of the state charges did not remove all factual support for the rescission of Robinson's parole.

Robinson next complains that he was denied his "right" to counsel at the rescission hearings. He claims that he requested counsel and refers to letters to the public defender and private attorney (ROA, Vol. I, at 7) which are not part of the record. He states that he was told that he had no right to counsel, but that a staff member would represent him if he so desired.

There is no absolute right to counsel for parole revocation hearings, and appointment of counsel is discretionary. 18 U.S.C. § 4214, 18 U.S.C. § 3006A; *Gagnon v. Scarpelli,* 411 U.S. 778, 779, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Coronado v. United States Board of Parole,* 551 F.2d 275 (10th Cir. 1977). Thus, in the rescission context, where Robinson agreed to be represented at the hearings by a staff member, his claim of denial of counsel is also without merit.

Next, Robinson complains of the denial of his "right" to call witnesses in his own behalf and to confront and cross examine adverse witnesses. However, where the right to call witnesses is conditional in the context of a prison disciplinary proceeding, *Wolff v. McDonnell, supra,* and where the opportunity to cross examine witnesses is not absolutely required in parole revocation, *Morrissey v. Brewer, supra,* we hold that the opportunity to call and cross examine witnesses is not absolutely essential in a parole rescission proceeding to satisfy due process.

Therefore, in conclusion, we hold that where Robinson was provided with notice of the charges against him, where Robinson was represented by a staff member at both parole rescission hearings, where Robinson was given access to the Parole Board's files in his case, where Robinson's wife was present at the final hearing, and where there is sufficient support for the Board's decision to rescind Robinson's parole, Robinson's due process rights in this context were not violated.

When this case was docketed the parties were notified the appeal would be decided

on the original record without oral argument. The parties were advised pursuant to Local Rule 9(d) that they could simultaneously file memoranda in support of their respective positions. We now have before us appellant's memorandum. We have thoroughly reviewed the files and records in this case and are convinced the decision of the district court was correct.

Affirmed.