**Mark W. HUTTON, Plaintiff,**

v.

**Gordon HEGGIE et al., Defendants.**

**Mark W. HUTTON, Petitioner,**

v.

**Gordon HEGGIE and C. Winston Tanksley, Respondents.**

**Civ. A. Nos. 77–K–1105, 78–K–44.**

United States District Court, D. Colorado.

Aug. 1, 1978.

---

Mark W. Hutton, pro se.

Richard G. McManus, Jr., Asst. Atty. Gen., Denver, Colo., Duncan W. Cameron, Yegge, Hall & Evans, Denver, Colo., for defendants.

## MEMORANDUM AND ORDER

KANE, District Judge.

Pursuant to the order of this court on February 9, 1978 this action for damages under 42 U.S.C. § 1983 and civil action number 78–K–44, a petition for writ of habeas corpus, were consolidated. At the time these two actions were filed, plaintiff was an inmate at the Colorado State Reformatory in Buena Vista, Colorado. Both actions arise out of the same set of facts surrounding the rescission of plaintiff's parole, and both raise the same issue of whether plaintiff was afforded procedural due process. Plaintiff in his *pro se* pleadings asserts that his due process rights were violated because he was not afforded a hearing at the time that the Parole Board met and decided to rescind his unexecuted grant of parole. Defendants' answer to the amended complaint in the § 1983 proceeding admits that plaintiff was never given a hearing regarding the rescission of his parole. The question is whether the due process clause of the fourteenth amendment requires that the state afford an individual some opportunity to be heard prior to rescinding an unexecuted grant of parole. It does.

## I

Plaintiff was convicted of aggravated robbery and sentenced to a term of 25 to 30 years by a Colorado district court on April 3, 1970. This sentence was commuted to 12½ to 30 years by the Governor in January, 1974. Early in 1977 plaintiff was considered for parole. The parole board met on January 19, 1977 and held a hearing at which plaintiff was present. On the basis of the hearing the board recommended that plaintiff be granted parole. Plaintiff received written notice of this favorable determination on February 18, 1977. Ten days prior to receiving this notice, however, plaintiff was charged with violating rules of the work release program he was participating in at the reformatory.

An institutional disciplinary hearing on the work release violation was held on February 24, 1977 by the Administrative Adjustment Committee. Plaintiff was given prior written notice of the charges and he appeared and participated at this hearing. Plaintiff was found to be in violation of the work release rules. The committee prepared written findings and provided a copy thereof to the plaintiff.

On March 1, 1977 the parole board met and decided to rescind its unexecuted grant of parole to plaintiff. The record is absent of any explanation for the rescission. Whether it was based on the committee's decision regarding the work release rule violation is a matter of pure speculation. It is uncontroverted, however, that plaintiff was not given prior notice that the parole board was to consider rescinding parole, that plaintiff did not attend the meeting and that he was not given an opportunity to present any evidence of mitigating circumstances on the question of whether the grant of parole should have been rescinded. Plaintiff asserts that as a matter of law he was entitled to be present and participate in a hearing on the rescission of his parole. He is correct.

On March 13, 1978 defendants in the habeas corpus action filed a motion to dismiss for mootness. After plaintiff's parole was rescinded without a hearing the parole board decided to give plaintiff a one year set back in eligibility for parole. The set back period expired in February of 1978 and plaintiff was paroled. Defendants contend that the petition for habeas corpus is moot since plaintiff is now on parole.

## II

█ The first question is whether the action for habeas corpus is moot because plaintiff has been released from the state reformatory on parole. It is important to note that while plaintiff is no longer incarcerated, he is still in custody of the state and his liberty is still significantly restrained. Section 17–1–206, C.R.S.1973 states that a parolee is still under sentence and in technical custody:

> This part 2 shall not be construed in any sense to operate as a discharge of any convict paroled under its provisions but simply a permit to any such convict to go outside the enclosure of the penitentiary, and if, while so at large, he so behaves and conducts himself as not to incur reincarceration, then he shall be deemed to be still serving out the sentence imposed upon him by the court . . . .

A parolee can be rearrested at any time the parole board or one of its officers believes he has violated a term or condition of his parole and be required to serve the remainder of his sentence. For these reasons the supreme court has held that the fact an inmate has been paroled does not moot a petition for writ of habeas corpus. *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). In *Jones* the court explained:

> Of course, that writ always could and still can reach behind prison walls and iron bars. But it can do more. It is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty. While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in the "custody" of the members of the Virginia Parole Board within the meaning of the habeas corpus statute; if he can prove his allegations, this custody is in violation of the Constitution, and it

was therefore error for the Court of Appeals to dismiss his case as moot . . . . 371 U.S. at 243, 83 S.Ct. at 377. The petition for habeas corpus relief is not moot.

## III

█ Defendants admit that plaintiff was not given a hearing on the rescission of his parole. They maintain that such a hearing is not required by Colorado law. While there is no statutory requirement for a hearing prior to rescinding parole, case law holds that the due process clause of the fourteenth amendment requires a hearing.

In the early 1970's the United States Supreme Court held that individuals in custody were entitled to minimal due process requirements of prior hearings in parole and probation revocations and in serious prison disciplinary charges. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) the court held that while a parole revocation proceeding is not part of a criminal prosecution, due process nevertheless requires that an individual be afforded a hearing before his parole is revoked. The court reasoned that while a parolee's liberty is indeterminate, it still constitutes a valuable interest protected by the constitution since its termination inflicts a "grievous loss" to the parolee. Further the court stated:

> The parolee is not the only one who has a stake in his conditional liberty. Society has a stake in whatever may be the chance of restoring him to normal and useful life within the law. Society thus has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole . . . .

408 U.S. 484, 92 S.Ct. 2601.

A year later in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) the court held that an individual is entitled to the same minimal due process requirements of a hearing in probation revocations. In extending *Morrissey* to probation revocations, the court reiterated the *two* different questions to be determined at such hearings:

The first step in a revocation decision thus involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the condition does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve the chances of rehabilitation?

411 U.S. at 784, 93 S.Ct. at 1761 quoting from *Morrissey v. Brewer, supra,* 408 U.S. at 479–480, 92 S.Ct. 2593.

Defendants in the instant case point out that plaintiff was provided with an institutional hearing on the work release violations and argue that this satisfies due process. In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) it was held that prisoners who faced serious disciplinary charges were entitled to some procedural safeguards such as advanced written notice of the claimed violation, an informal hearing, and written factfindings as to the evidence relied upon and the reasons for the disciplinary action taken. All these requirements were met by defendants at the hearing on plaintiff's work release violations. However, this disciplinary hearing was separate from the meeting at which the parole board met and decided to rescind plaintiff's parole. Indeed, it was conducted by a committee which is entirely separate and distinct from the parole board. Even assuming that this committee hearing satisfies the first step outlined in *Morrissey v. Brewer, supra,* a hearing to determine whether plaintiff violated the rules; it failed to meet the second requirement of determining whether plaintiff's parole should have been rescinded. On that issue, plaintiff never received a hearing.

The Tenth Circuit has recently held that an inmate is entitled to a limited hearing prior to parole rescission. *Robinson v. Benson,* 570 F.2d 920 (1978). In distinguishing an individual's liberty interest in a parole revocation proceeding from that of an inmate facing parole rescission, the court found that a hearing is required in both instances but that a parole rescission hearing is more limited in nature:

As a result of the setting of Robinson's parole date, Robinson had more than a mere anticipation of freedom, but rather a concrete expectation contingent upon continued good behavior. Thus, Robinson was certainly entitled to minimum due process procedures.

570 F.2d at 922. Robinson was serving a federal prison sentence and had received an unexecuted grant of parole before being charged with violating staff rules. An institution disciplinary hearing was held and Robinson was informed that the parole board on the basis of the hearing had found probable cause to rescind his parole. A parole rescission hearing was held and Robinson claimed that his constitutional rights were violated because he was denied the right to counsel and the opportunity to call and cross examine witnesses at this hearing. The court found that due process was satisfied at the parole rescission and held:

[W]here Robinson was provided with notice of the charges against him, where Robinson was represented by a staff member at both parole rescission hearings, where Robinson was given access to the Parole Board's files in his case, where Robinson's wife was present at the final hearing, and where there is sufficient support for the Board's decision to rescind Robinson's parole, Robinson's due process rights in this context were not violated.

570 F.2d at 923.

In marked contrast to *Robinson,* plaintiff in the case at bar was never afforded any of the procedures that the court held satisfied minimal due process required in parole rescissions. In this case plaintiff was denied a hearing on his parole rescission in violation of his constitutional rights and he is therefore entitled to habeas corpus relief.

IV

■ Since the parole rescission took place over one year ago and since plaintiff was forced to serve an extra year of incarceration before he was paroled, the appropriate

relief is to grant plaintiff his release from parole. *See Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *In Re Ebanks*, 168 U.S. 707, 18 S.Ct. 942, 42 L.Ed. 1214 (1897).

## V

Since plaintiff was denied his due process rights which require a hearing prior to parole rescission, he has stated a claim for relief in his action for damages under 42 U.S.C. § 1983. The *pro se* complaint names Gordon W. Heggie, chairman of the Colorado State Board of Parole as the sole defendant. An affidavit submitted by Mr. Heggie states that he was not present at the meeting at which plaintiff's parole was rescinded. It has long been the rule that personal participation is a prerequisite to liability under § 1983. The supreme court recently affirmed this rule in *Monell v. Department of Social Services of City of New York*, —— U.S. ——, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, plaintiff has failed to name a proper defendant to his action. Since this complaint was filed without benefit of counsel, it will be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, if plaintiff decides to pursue this action, as he is entitled to do after his release from parole, he will have thirty (30) days in which to file an amended complaint.

ACCORDINGLY IT IS ORDERED that: 1) plaintiff's petition for habeas corpus is granted and he is hereby released and discharged from parole; 2) defendant's motion to dismiss for mootness is denied; 3) plaintiff's motion for an immediate federal hearing in the § 1983 action is denied; and 4) plaintiff has thirty (30) days in which to file an amended complaint in his § 1983 action. If he fails to do so the action will be dismissed for failure to prosecute.