**Application of John R. TRACEY for Appointment of Counsel.**

**No. 78–3231A.**

United States District Court, D. Kansas.

Oct. 11, 1978.

John R. Tracey, pro se.

### OPINION

STANLEY, Senior District Judge, Assigned.

John R. Tracey, in custody under the provisions of 18 U.S.C.A. § 4213(d), claiming financial inability to retain counsel, has requested the appointment of an attorney to represent him at a parole violation hearing.

The application and attached exhibits establish the following facts: Tracey, serving a sentence imposed after his conviction on the charge of possession of heroin, was on March 18, 1977 released from confinement on special parole with a termination date of March 17, 1982. On July 29, 1977, while on parole status and after trial to the court, he was convicted in the Criminal Court of Marion County, Indiana on the charge of violation of the Indiana Controlled Substance Act. Released on bail pending sentencing scheduled for August 26, 1977 he absconded and remained at large until September 23, 1977 when he was apprehended by state authorities. Tracey thus falls precisely into the class of cases described by the Supreme Court in *Moody v. Daggett*, 429 U.S. 78, 89, 97 S.Ct. 274, 279, 50 L.Ed.2d 236, as a case

"in which the parolee admits or has been convicted of an offense plainly constituting a parole violation, the only remaining inquiry [being] whether continued release is justified notwithstanding the violation. This is uniquely a 'prediction as to the ability of the individual to live in society without committing antisocial acts'."

The application is submitted under the provisions of 18 U.S.C.A. § 4214(a)(2)(B) providing that if a parolee "is financially unable to retain counsel, counsel shall be provided pursuant to section 3006A". 18

U.S.C.A. § 3006A provides that any person subject to revocation of parole may be furnished representation pursuant to the Criminal Justice Act whenever the court determines that the interests of justice so require and such person is financially unable to obtain representation.

Until the decision of the Court of Appeals for the Tenth Circuit in *In Matter of Application of Baldwin for Appointment of Counsel*, 584 F.2d 953 (10th Cir., 1978), this court would have found that the fact of violation of Tracey's parole had been judicially determined and would have concluded that the interests of justice did not require that he be provided counsel at public expense to represent him at the pending dispositional review hearing. See *Application of Smith for Appointment of Counsel*, 433 F.Supp. 255 (D.Kan.1977). Such disposition of the application would have been consistent with the decisions of the Tenth Circuit in *Robinson v. Benson*, 570 F.2d 920 (10th Cir. 1978); *In Matter of the Application of Dale E. Crowder for Appointment of Counsel*, No. 76–2103 (10th Cir. June 10, 1977); *In the Matter of the Application of Thomas A. Quirk for Appointment of Counsel*, No. 76–1578 (10th Cir. Dec. 7, 1976); *In the Matter of Ronald D. Richardson for Appointment of Counsel*, No. 76–1786 (10th Cir. Oct. 20, 1976).

In *Baldwin* the Tenth Circuit held that the cited cases can no longer be regarded as authority. The rule announced in *Baldwin* strips the District Court of any discretion when an indigent parolee requests counsel even though the fact of his violation has been judicially determined. The court's action on requests for the appointment of counsel in such cases is restricted to the pro forma entry of an order granting the application, a task which might easily be performed by a clerk. Accordingly, under the constraint of *Baldwin*, it is

ORDERED that the application be filed and given a number on the civil docket of this court; that the application be granted and that John Thompson of the bar of Leavenworth County, Kansas be appointed to represent the applicant at the pending dispositional review hearing and that this proceeding then be closed.