Ann Marie **BALANCIERE**, et al., Plaintiffs,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 82-K-2229.**

United States District Court, D. Colorado.

May 24, 1984.

Penfield W. Tate II, Denver, Colo., for plaintiffs.

Robert Guthrie, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff in this civil rights case is a black female who was and is employed as a postal police officer. She complains of discriminatory treatment in that the postal service allegedly offers light duty assignments following an illness to male officers but not to female officers. Plaintiff alleges that this practice has a disparate impact against females "in that when a female employee is not able to work at a full duty status, she must take advanced leave instead of having the opportunity to work at a light-duty status—as do male employees." Complaint at paragraph 9.

Plaintiff filed her initial complaint on December 23, 1982, naming the United States Postal Service as defendant. Since plaintiff had received her notice of right to sue on November 29, 1982, her original complaint was timely filed. 42 U.S.C. § 2000e–16(e). No entity of the federal government ever received a copy of the complaint until January 3, 1983, when a copy of the complaint was mailed to the United States Attorney's office. Plaintiff wrongly named the Postal Service as defendant in her first complaint. By order of April 20, 1983 I permitted her to amend the complaint to reflect William F. Bolger, the Postmaster General, as the correct defendant. Plaintiff filed the amended complaint on April 29, 1983, served it on the U.S. Attorney's office on May 5, 1983 and on the Postmaster General on May 10, 1983.

The government now renews its earlier assertion that I do not have subject matter jurisdiction by dint of plaintiff's failure to serve timely any governmental agency within the thirty day period following receipt of her right to sue notice. I agree, albeit reluctantly. The starting point for my analysis is rule 15(c), F.R. Civ.P., which provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or any agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

■ Before an amended pleading may properly relate back to a pleading timely filed, a newly named defendant must have had some notice that a suit had been filed within the statute of limitations. That knowledge may be actual, constructive, formal or informal. Without it, the new defendant has been stripped of its right to object on statute of limitations grounds to a suit filed against it. Wright and Miller suggest that "the deprivation of the new party's right to invoke a statute of limitations defense might raise a question of procedural due process." Wright, Miller & Kane, *Federal Practice and Procedure,* § 1498 (1971 & Supp.1983). This construction of rule 15(c) has been upheld in civil rights cases in this and other jurisdictions, *Archuletta v. Duffy,* 471 F.2d 33 (10th Cir.1973); *Sassi v. Breier,* 584 F.2d 234 (7th Cir.1978); as well as in claims arising under the Federal Tort Claims Act. *Stewart v. United States,* 655 F.2d 741 (7th Cir.1981).

■ I accept that the government must have some notice of some kind within the thirty day period following Ms. Balanciere's receipt of her right to sue notice. I must determine from the record before me if the government can be charged with such notice. The mere filing of the complaint will not suffice. Nor do I think the agency's knowledge of the underlying administrative action prefatory to the filing of this suit is sufficient to charge the present defendant with notice of the pendency of a suit. *C.f. Stephens v. Balkamp, Inc.,* 70 F.R.D. 49 (D.Tenn.1975). By statute at least, those administrative procedures are conciliatory and not designed to lead to legislation.

This case is not one where service was properly perfected upon an agent of the newly added defendant, *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980), nor one where the proper defendant saw the complaint two years before he was named as a defendant, *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3rd Cir.1977), nor one where an attorney for defendant has been properly served, *Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn.1973); *White v. Lundenberg Maryland Seamanship School, Inc.,* 57 F.R.D. 128 (D.Md.1972). And *see* Wright, Miller and Kane, *supra,* at § 1498 where additional cases are collected.

In the complete absence of any notice whatsoever to the United States Attorney's Office, to the Postmaster General, or to any supervisor within the Postal Service, I have no choice but to grant the government's motion to dismiss for lack of subject matter jurisdiction.