**Jerrald M. JOHNSON, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 85–K–1900.**

United States District Court, D. Colorado.

Nov. 7, 1986.

---

David L. Smith, Denver, Colo., for plaintiff.

Colleen Conlin, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

### BACKGROUND

Defendant filed a Motion to Dismiss under F.R.Civ.P. 12(b) and Rule 15(c) for lack of jurisdiction over the subject matter and for failure of capacity of defendant to be sued, for insufficiency of service and for inability to substitute the proper defendant. Plaintiff, a former postal service employee brought this action under §§ 717 and 717(a) of the Civil Rights Act of 1964, Title VII alleging in his Second Amended Complaint discrimination in employment based on physical handicap. For the reasons following, the motion to dismiss for inability to substitute the proper defendant is granted.

On about December 30, 1983, the defendant discharged plaintiff from his position as a mail handler. Defendant contends the removal was due to plaintiff's absence without leave. Plaintiff, on the other hand, maintains that he was removed solely for the reason that he has a permanent disability in his right foot.

On July 10, 1985, the EEOC sent plaintiff a right to sue letter informing him he had 30 days in which to file an independent action. On July 18, 1985, plaintiff filed a motion to proceed in forma pauperis and for appointment of counsel. Chief Judge Finesilver granted plaintiff's motion on the 22nd of July and ordered the U.S. Marshall to serve process but denied appointment of counsel. Plaintiff filed an initial pro se complaint on August 12, 1984 naming the United States Postal Service and The Mail Handlers, Local 321 as defendants. The U.S. Marshall sent a summons and complaint by certified mail to the United States Postal Service c/o E.C.Nix at 7755 E. 56th St., Denver, CO, which was received on August 16, but did not serve the U.S. Attorney nor the Attorney General as required under Rule 4(d). Plaintiff's original complaint, having been filed within 30 days of receipt of the right to sue notice, was timely filed. 42 U.S.C. § 2000e–16(c).

On January 3, 1986, I dismissed plaintiff's claim against Local 321 on defendant's motion to dismiss for failure to state a claim upon which relief could be granted. After I issued an order to show cause on January 24, 1986 requesting plaintiff to address the Court as to why service of process was incomplete, plaintiff submitted (now with counsel) a response on February 3, 1986 showing cause for failure to perfect service within 120 days of filing the complaint pursuant to Rule 4(j). I found plaintiff's response showed sufficient cause and permitted plaintiff 30 days in which to perfect service on defendant. Thereafter, plaintiff properly served the U.S. Attorney on February 7, 1986, the United States Postal Service in Denver on February 10, 1986 and the U.S. Attorney General on February 11, 1986.

### OPINION

■ As a preliminary matter, I note that the United States Postal Service is not the proper defendant in civil rights actions. The statute clearly states that the proper defendant in a Title VII action against a federal employer is the head of the agency or department, not the agency or department itself. 42 U.S.C. § 2000e–16(c). *Cooper v. United States Postal Service*, 740 F.2d 714 (9th Cir.1984), *Balanciere v. United States Postal Service*, 648 F.Supp. 38 (D.Colo.1984). Albert Vincent Casey, Post-

master General, is therefore the proper defendant in the present case. In arguing against this, plaintiff directs my attention to a recent case in which the United States Postal Service was the named defendant. *Daubert v. United States Postal Service,* 733 F.2d 1367 (10th Cir.1984). That decision, however, did not address the issue of who was the proper defendant, but dismissed the case on other grounds. Therefore, it does not affect my decision.

■ Defendant first contends that plaintiff's action should be dismissed for lack of subject matter jurisdiction. Defendant maintains that plaintiff's reliance on 28 U.S.C. § 1331 as grounds for jurisdiction is improper because Title VII has been held to be an exclusive remedy for civil rights actions. To say that Title VII is an exclusive remedy for discrimination in cases involving federal employment merely denies relief under other general federal tort statutes. 28 U.S.C. § 1331 confers jurisdiction on this court regardless of the general or exclusive nature of the underlying action providing the cause of action was created by federal statute. Because plaintiff has stated a claim for relief which arises under a federal statute, I have subject matter jurisdiction over the action.

Next defendant contends the action should be dismissed for insufficiency of service claiming service was not made until after the 120 day time limit designated for service under Rule 4(j). Rule 4(j) states: "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice." In my Minute Order dated February 4, 1986, I found and now confirm that plaintiff has shown good cause why service was not timely made. Therefore, dismissal is not proper under Rule 4(j).

■ Defendant further claims that plaintiff has not yet properly served the United States Postal Service because the designated agent for service of process specified in 39 C.F.R. § 2.2 was not served. Defendant has not cited any case or statutory authority nor am I aware of any authority which demands service must be made on a designated agent. Ostensibly, service on a designated agent of a government agency is permissive rather than mandatory as is the case with service on a corporation under Rule 4(d)(3). Rule 4(d)(4) and (5), which governs service of process on the United States Postal Service (39 U.S.C. § 409), merely requires a copy of the summons and complaint be sent by registered or certified mail to the agency. The service affected by plaintiff complies with this rule. For the above reasons, defendant's motion to dismiss for insufficiency of service is denied.

■ The final question presented is whether plaintiff can amend his complaint pursuant to Rule 15(c) to name the proper defendant. Reluctantly, I conclude plaintiff may not so amend. Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or any agency or officer who would have been a proper defendant if named, satisfies the requirement of

clause (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

As I stated in *Balanciere*, supra, before an amended pleading may properly relate back to a pleading timely filed a newly named defendant must have some kind of notice: actual, constructive, formal or informal, that a suit has been filed within the time provided under the statute of limitations. The only event in the record which might constitute notice to the government was the certified mailing of the summons and complaint received by the Postal Service on August 16, 1985, three days after the statute of limitations had expired.

The question arises whether three days after the limitations period is considered notice "within the period provided by law for commencing the action?" The circuits have split on the interpretation of the exact time in which a new defendant must have had notice under Rule 15(c). A number of courts have held the time for notice includes a reasonable time for service of process following expiration of the statutory period. *Ingram v. Kumar*, 585 F.2d 566, (2nd Cir.1978), *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980), *Hendrix v. Memorial Hospital of Galveston County*, 776 F.2d 1255 (5th Cir.1985), *Bagwell v. City of Atlanta*, 109 F.R.D. 290 (N.D.Ga.1985), *U.S. for the Benefit of Arrow Electronics v. G.H. Coffey Co. Inc.*, 100 F.R.D. 413 (D.Me.1983), *Ratcliffe v. Insurance Co. of North America*, 482 F.Supp 759 (E.D.Pa. 1980), *Clark v. Southern Railway Co.*, 87 F.R.D. 356 (N.D.Ill.1980), *Davis v. Krauss*, 478 F.Supp. 823 (E.D.N.Y.1979), *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D.Pa.1975).

A parade of other courts has determined that the plain language of Rule 15(c) dictates that notice must be received within the time limitation provided by law and leaves nothing to the court's discretion to expand on this explicit time constraint. *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir.1973), *Weisgal v. Smith*, 774 F.2d 1277 (4th Cir.1985), *Cooper v. United States Postal Service*, 740 F.2d at 717, *Allen v. Veterans Administration*, 749 F.2d 1386 (9th Cir.1984), *Stewart v. U.S*,

655 F.2d 741 (7th Cir.1981), *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171 (3rd Cir.1977), *Odence v. Salmonson Ventures*, 108 F.R.D. 163 (D.R.I.1985), *Sassi v. Breier*, 76 F.R.D. 487 (E.D.Wis.1977), aff'd. 584 F.2D 234 (7th Cir.1978). The Tenth Circuit has consistently adhered to the view that notice of an action must be attributed to a new party before the expiration of the statute of limitations before Rule 15(c) relation back will be permitted. *Watson v. Unipress, Inc.*, 733 F.2d 1386 (10th Cir.1984).

The United States Supreme Court resolved the dispute in its recent decision, *Schiavone v. Fortune*, —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), where it determined that Rule 15(c) clearly requires notice be received before the expiration of the applicable limitations period. The Supreme Court explicity rejected the idea that a court may choose between a "liberal" and a "literal" interpretation of the Rule. The court said the plain meaning of the Rule requires notice within the time provided for commencing an action which falls under Rule 3 and does not refer to the time for process under Rule 4.

The present case harbors several unique factors which make adherence to a literal interpretation particularly harsh. First, the original complaint was filed pro se which means it may be held to a less stringent standard than formal pleadings drafted by lawyers. *Hutton v. Heggie*, 454 F.Supp. 870 (D.Colo.1978), *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In addition, the directive stated in Rule 15(a) that leave to amend "shall be freely given when justice so requires" appears to be particularly appropriate when the party seeking to amend was permitted to proceed in forma pauperis. *Wyant v. Crittenden*, 113 F.2d 170, 175 (D.C.Cir. 1940). Second, plaintiff cannot be accused of creating the risk by waiting until the midnight hour to file his complaint thereby making himself unworthy of equitable considerations. With a scant 30 day limitations period, plaintiff diligently filed a petition to proceed in forma pauperis and for appointment of counsel. Plaintiff had only 2 to 3 weeks after receipt of the order denying his request for counsel to locate

private counsel or draft the complaint himself. Finally, the identity of the proper defendant was made especially difficult for a pro se plaintiff to ascertain because the U.S. Postal Service was the only named defendant in all EEOC documents. Harsh results, however, have not affected the determination of the U.S. Supreme Court. See dissenting opinion *Schiavone v. Fortune*, — U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), or the opinion of the Tenth Circuit. *Archuleta v. Duffy's, Inc.*, 471 F.2d at 34, *Watson v. Unipress, Inc.*, 733 F.2d at 1390, (specifically rejecting *Ingram*). See also *Cooper v. U.S. Postal Service*, 740 F.2d at 717. Unfortunately, the above cited authority precludes consideration of such equities in my decision.

Absent any notice before the expiration of the 30 day period, plaintiff will be unable to amend his complaint to name the proper party. From the record before me, I find the government did not have notice within the applicable limitations period. For this reason, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.