**Thomas E. EVERSON, Plaintiff,**

v.

**Michael NELSON, et al., Defendants.**

**Civil Action No. 93–3454–KHV.**

United States District Court,
D. Kansas.

Sept. 27, 1996.

Thomas E. Everson, El Dorado, KS, pro se.

John J. Knoll, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This *pro se in forma pauperis* action comes before the Court on plaintiff's *Complaint* (Doc. # 2) filed October 22, 1993; defendants' *Motion For Summary Judgment* (Doc. # 9) filed January 18, 1994; and *Plaintiff's Affidavit In Opposition To Defendants' Motion For Summary Judgment* (Doc. # 15) and *Memorandum In Support Of Plaintiff's Traverse* (Doc. # 16) filed November 22, 1995.

Plaintiff filed this action under 42 U.S.C. § 1983 while confined at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff seeks compensatory, punitive, and declaratory relief against prison officials Michael Nelson, David Suttle and Larry Hoshaw.[1] Plaintiff also seeks appointment of counsel.

On September 7, 1995, the Honorable Richard D. Rogers ordered that defendants' Answer and report pursuant to *Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978), be treated as a motion for summary judgment. *Order* (Doc. # 42). The Prison Litigation Reform Act of 1995 provides, however, that the court shall dismiss the case at any time if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, plaintiff's request for appointment of counsel is denied, plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted, and defendants' motion for summary judgment is overruled as moot.

---

1. Plaintiff has filed three other actions contesting his confinement in administrative segregation. *See Everson v. Hannigan,* 1993 WL 502404 (D.Kan.1993) *aff'd* 30 F.3d 141, 1994 WL 361532 (10th Cir.1994); *Everson v. Nelson,* 1993 WL 502410 (D.Kan.1993) *aff'd* 30 F.3d 141, 1994 WL 361532 (10th Cir.1994); *Everson v. McKune,* 1993 WL 502401 (D.Kan.1993) *aff'd* 30 F.3d 141, 1994 WL 361532 (10th Cir.1994). The Honorable Dale E. Saffells granted summary judgment for defendants in all three cases. In one of those actions, plaintiff sued Nelson and Suttle on claims which appear to duplicate those asserted against them in this case.

**1050**

■ The Court first addresses plaintiff's request for appointment of counsel. A party in a civil action has no constitutional right to the assistance of counsel in prosecuting or defending the action. *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir.1989). Rather, it is in the district court's discretion whether to appoint counsel. *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir.1991). Having reviewed the complaint and considered the nature of the factual and legal issues presented in this matter, as well as plaintiff's ability to present his claims, the Court concludes appointment of counsel is not warranted and accordingly denies plaintiff's request. 28 U.S.C. § 1915(e)(1).

## A. MOTION TO DISMISS STANDARDS

In reviewing the sufficiency of a complaint, the Court must read the complaint in the light most favorable to the plaintiff with all doubts resolved in his favor. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). All well-pleaded facts and allegations in the complaint must be taken as true and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Kennedy v. Meacham,* 540 F.2d 1057, 1060 (10th Cir.1976).

## B. FACTUAL BACKGROUND

Defendants placed plaintiff in administrative segregation on September 28, 1993, allegedly because they believed that he was demanding sexual favors from other inmates and threatening violence if his demands were not met.

■ Plaintiff claims that defendants violated the Fourteenth Amendment by providing insufficient evidence to justify his segregated confinement[2]; by assigning plaintiff to seg-

regated confinement without a meaningful hearing; by failing to provide meaningful periodic reviews during the period of segregated confinement; by transferring him to another correctional facility without a necessary regulatory finding; and by denying him the opportunity to participate in prison training and educational programs during segregation. Plaintiff also claims that conditions in segregation caused him duress, psychological stress, and retrogression of human development, and that defendants knew or should have known that the manner which they operated the segregation unit violated the Eighth Amendment.

## C. ANALYSIS

■ Placement in administrative segregation does not implicate the Due Process Clause of the Fourteenth Amendment unless the confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner,* — U.S. —, —, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). *Sandin* makes clear that an inmate's segregated confinement in and of itself is not such a deprivation. *See Talley v. Hesse,* 91 F.3d 1411, 1413 (10th Cir.1996). The Court applies this approach to the instant case, even though plaintiff was placed in administrative segregation before *Sandin* was decided. *See id. (Sandin* applied retroactively). Plaintiff does not allege a deprivation of liberty which is atypical or substantial, or which is otherwise protected by Kansas law. Therefore, as a matter of law, plaintiff's confinement in administrative segregation does not give rise to a viable claim under Section 1983.

■ Nor does a prisoner have a right to choose his place of confinement; a prisoner may be transferred for any reason or no reason at all. *Robinson v. Benson,* 570 F.2d 920, 923 (10th Cir.1978). No pre-transfer hearing is required, because there is no recognized liberty interest in an assignment at a particular prison. *Meachum v. Fano,* 427

---

**2.** Plaintiff further claims that defendants conspired to place him in segregation without sufficient proof, in violation of 42 U.S.C. § 1985(3). Plaintiff cites no evidence of constitutional misconduct, however, and he therefore fails to establish an arguable basis either in fact or law for this broad and conclusory claim. *See Redpath v. City of Overland Park,* 857 F.Supp. 1448, 1465 (D.Kan.1994) (conclusory allegations of cover-up do not state claim for civil rights conspiracy).

U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Frazier v. Dubois*, 922 F.2d 560 (10th Cir.1990).

 Plaintiff's claims of lost prison employment and job training also fail to implicate a due process liberty interest. *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir.1996) (not an atypical, significant deprivation).

 Plaintiff's Eighth Amendment claim is evaluated under *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *Farmer* holds that prison officials may be liable under the Eighth Amendment if the harm or risk to the inmate is "sufficiently serious" as to deny basic human needs, and the prison official acted with "deliberate indifference." *Id.* at ——, 114 S.Ct. at 1979. The Court finds that plaintiff's allegations of duress, psychological stress, and retrogression of human development do not state a claim under the Eighth Amendment.

**IT IS THEREFORE ORDERED** that plaintiff's request for appointment of counsel be and hereby is denied.

**IT IS FURTHER ORDERED,** on the Court's own motion under 28 U.S.C. § 1915(e)(2)(B)(ii) that plaintiff's *Complaint* (Doc. # 2) filed October 22, 1993, be and hereby is dismissed for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that defendant's *Motion for Summary Judgment* (Doc. # 9) filed January 18, 1994, be and hereby is overruled as moot.