FILED
United States Court of Appeals
Tenth Circuit

February 24, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY DEWILLIAMS,

        Petitioner - Appellant,

    v.

RENE R. GARCIA, Warden,
Englewood,

        Respondent - Appellee.

No. 14-1335
(D. Colorado)
(D.C. No. 1:13-CV-02303-PAB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

This is a habeas appeal brought by Mr. Gary deWilliams. Mr. deWilliams was convicted in 1988 on charges involving armed bank robbery and false statements. After obtaining parole, Mr. Williams was arrested on new criminal charges. These charges led to revocation of parole and a new conviction for possession of a firearm and ammunition by a felon and armed career criminal. Mr. deWilliams sought habeas relief, claiming in part that

---

[*]    This order and judgment does not constitute precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. R. 32.1(A).

- the federal government had relinquished custody by shuttling him back and forth in the two criminal cases,

- the Bureau of Prisons had failed to award credit for pretrial detention on the new criminal charges, and

- prison authorities had effected inter-prison transfers without affording due process.

The district court denied habeas relief, and Mr. deWilliams appeals. We affirm.[1]

## I. Standard of Review

Because the appeal involves only legal conclusions, our review is *de novo*. *Matthews v. Price*, 83 F.3d 328, 331 (10th Cir. 1996).

## II. Interstate Agreement on Detainers Act

Federal prosecutors simultaneously sought revocation of parole and pursued new gun charges. Because the charges originated in different districts, prison officials frequently took Mr. deWilliams back and forth without getting a detainer. Mr. deWilliams contends that a detainer was necessary under the Interstate Agreement on Detainers Act. We reject this contention.

Under the Act, one jurisdiction can obtain custody of a prisoner who is housed in another jurisdiction. 18 U.S.C. App. 2, § 2, Art. IV. Ordinarily, when a jurisdiction obtains custody, it must try the defendant on the outstanding charge

---

[1] We have decided the appeal on the briefs because oral argument would not be helpful. *See* Fed. R. App. P. 34(a)(2)(C).

2

before returning him or her to the original jurisdiction. *United States v. Mauro*, 436 U.S. 340, 352 (1978).

Because the federal government shuttled Mr. deWilliams back and forth, he alleges violation of the Interstate Agreement on Detainers Act. This allegation is invalid, however, because the federal government is considered a single jurisdiction. *See United States v. Walling*, 974 F.2d 140, 141 (10th Cir. 1992) (stating that for purposes of the Interstate Agreement on Detainers Act, "the federal government . . . is considered a single state"). As the federal government shuttled Mr. deWilliams back and forth, he remained in the custody of a single jurisdiction (the federal government). Thus, the Interstate Agreement on Detainers Act does not apply. *See id.* (stating that the Interstate Agreement on Detainers Act "has no application if a prisoner in federal custody in one federal judicial district faces another federal indictment in a different federal judicial district"); *United States v. Woods*, 621 F.2d 844 (10th Cir. 1980) (upholding the district court's decision that the Interstate Agreement on Detainers Act did not apply to transfers within the federal judiciary).

Mr. deWilliams contends that the Act bound the federal government because it had lodged a detainer while he was serving his sentence for revocation of parole. For this contention, Mr. deWilliams relies on *United States v. Mauro*, 436 U.S. 340, 362 (1978). Reliance on *Mauro* is misguided. There, a state prisoner was

3

brought to federal court, then returned to state prison. *Mauro*, 340 U.S. at 346.

Because the prisoner moved back and forth between state prison and federal court,

the Supreme Court held that the federal government's issuance of a detainer had

triggered the Interstate Agreement on Detainers Act. *Id.* at 349.

This holding does not apply because Mr. deWilliams was never in state

custody; the federal government had continuous custody of Mr. deWilliams as it

prosecuted him for revocation of parole and the new gun charges. Thus, the

detainer did not trigger any obligations under the Act. *See United States v. Jones*,

254 F. App'x 711, 715-16 (10th Cir. 2007) (unpublished) (stating that the

Interstate Agreement on Detainers Act was not implicated when the federal

government lodged a detainer against a federal prisoner).[2]

Because the Act does not apply, we reject Mr. deWilliams' claim as a matter

of law.

## III. Credit on the New Sentence on Gun Charges

Mr. deWilliams also contends that prison authorities incorrectly calculated

his credits on the new sentence. These contentions are invalid.

### A. Credit Based on Commencement of the Sentence

Authorities stated that Mr. deWilliams had begun serving the new sentence

on December 24, 2001. Thus, according to authorities, Mr. deWilliams could not

---

[2]     *Jones* is persuasive, but not precedential. *See* 10th Cir. R. 32.1(A).

earn credit on the new sentence until December 24, 2001. Mr. deWilliams contends that he began serving the new sentence before December 24, 2001. He is mistaken.

The new sentence was imposed on August 31, 2000. But, the court ordered this sentence to run consecutively to the undischarged term for revocation of parole. That term did not end until December 24, 2001, when Mr. deWilliams was reparoled on his sentence for armed bank robbery and false statements. Thus, December 24, 2001, was the day that Mr. deWilliams began serving the new sentence on gun charges. *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir. 2006) (stating that "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose").

In these circumstances, we conclude that prison authorities did not fail to award enough credits to Mr. deWilliams based on an erroneous start date for the new sentence.

**B.      Credit for Time Spent in Pretrial Detention**

Mr. deWilliams was detained prior to trial on the new gun charges. In Mr. deWilliams' view, that time should have been credited against the eventual sentence. We disagree.

Under federal law, time spent in pretrial detention can be credited against the eventual sentence if this time had not been credited against another sentence.

18 U.S.C. § 3585(b). All of the time spent in pretrial detention before December 24, 2001, was credited against the sentence for the parole revocation. Thus, that time could not also be credited against the sentence on the new gun charges. In these circumstances, there was no error in the calculation of credits for pretrial detention.

### C.   Credit from December 24, 2001, to March 21, 2002

On appeal, Mr. deWilliams also contends that he should have obtained credit from December 24, 2001, to March 21, 2002. But, this contention was not raised in district court. As a result, this contention is forfeited. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011).

Forfeited arguments can be considered for the first time on appeal, but only under the plain-error standard. *Id.* Because Mr. deWilliams has not urged plain error, we cannot consider the contention. *Id.* at 1130-31. As a result, we cannot reverse on the claim involving calculation of credits between December 24, 2001, and March 21, 2002.

### IV.   Deprivation of Due Process

Mr. deWilliams also argues that he should have been afforded due process before being transferred to various prisons. This argument is invalid. Due process is required only if the transfers implicated an interest in life, liberty, or property. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). None of these interests

6

were implicated by the transfers. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). Thus, authorities could transfer Mr. deWilliams for any reason or no reason. *Robinson v. Benson*, 570 F.2d 920, 923 (10th Cir. 1978). In the absence of an applicable interest in life, liberty, or property, there was no deprivation of due process. Thus, we reject the due process claim as a matter of law.

## V.     Leave to Proceed in Forma Pauperis

With the appeal, Mr. deWilliams seeks leave to proceed in forma pauperis. Because he cannot afford to pay the filing fee, we grant the request.

Though we have rejected his appellate arguments, Mr. deWilliams has acted in good faith, trying to untangle some issues that are relatively complicated for a pro se litigant. As a result, Mr. deWilliams is entitled to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

## VI.    Conclusion

We affirm, concluding that the federal government did not violate the Interstate Agreement on Detainers Act, incorrectly calculate credits, or deprive Mr. deWilliams of due process. But, we grant leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7