Arthur E. ROBBINS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21464.

United States Court of Appeals Ninth Circuit.

Dec. 12, 1967.

John M. Price (argued), San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar (argued), Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE, District Judge.

PER CURIAM:

Appellant was convicted in 1963 of a violation of Section 2113(a) and (d) of Title 18, and was committed to the custody of the Attorney General for a period of 25 years. Upon appeal the conviction was affirmed by this court (9 Cir., 345 F.2d 930).

In 1965, the appellant filed, a motion in the district court pursuant to Title 28 U.S.C. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure, seeking to set aside the sentence imposed by the trial court. This is an appeal from the denial of that motion.

The appellant urges that the Commissioner erred in refusing his request for appointment of counsel at the preliminary hearing,[1] but he does not direct us to any prejudice suffered by reason of such refusal. Absent a showing of prejudice, denial of counsel at a preliminary hearing is not grounds for reversal of a trial court conviction. Johnson v. United States, 361 F.2d 447 (CA 9), cert. den. 385 U.S. 976, 87 S.Ct. 516, 17 L.Ed. 2d 439.

There was ample evidence to convict appellant of "placing life in jeopardy" within the meaning of subsection (d) of § 2113. See Wagner v. United States, 264 F.2d 524 (CA 9).

The appellant's charge that the trial judge was prejudiced against him because he requested a trial is absurd. He was sentenced to 25 years as provided in § 2113(d), but the sentence was imposed under 18 U.S.C. § 4208(a) (2) allowing appellant to be considered for parole release at any time without serving the minimum of one-third of his sentence.[2]

Affirmed.

1. At the time of the preliminary hearing, the Criminal Justice Act of 1964, 78 Stat. 552 (1964) 18 U.S.C. § 3006A, which provides counsel for indigents at such hearings, had not yet become law.

2. We were informed when the briefs were filed that appellant, who placed "life in jeopardy" during the robbery, has already been paroled.