**Arthur Earl ROBBINS, Petitioner-Appellant,**

v.

**Glenn R. THOMAS, Parole Agent, and United States Board of Parole, Respondents-Appellees.**

**No. 78–2164.**

United States Court of Appeals, Ninth Circuit.

March 5, 1979.

E. Richard Walker, Federal Defender, Sacramento, Cal., for petitioner-appellant.

Gregory C. Weiss, U. S. Dept. of Justice, Washington, D. C., for respondents-appellees.

Before MERRILL and KENNEDY, Circuit Judges, and KING,* District Judge.

PER CURIAM.

This appeal presents the narrow issue of what procedure the United States Parole Commission should follow when events casting doubt on the advisability of terminating parole occur between a parole termination hearing and the issuance of a final decision based on that hearing. We hold that, in this circumstance, the requirements of procedural due process and of the applicable statutes are satisfied if the Parole Commission reopens the case and orders a supplemental hearing at which the parolee is accorded the same procedural rights as at other parole termination hearings. The Parole Commission may then consider the findings of the supplemental hearing in making its parole termination decision.

Appellant Robbins was convicted of armed bank robbery in 1963. He received a 25 year sentence. *See Robbins v. United States*, 345 F.2d 930 (9th Cir. 1965). *See also Robbins v. United States*, 387 F.2d 139 (9th Cir. 1967) (affirming denial of collateral relief). He was paroled in 1967, but this initial parole was revoked due to heroin use.

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

He was re-paroled in April 1971. On October 28, 1976, when his second parole had lasted about five and one-half years, Robbins received a parole termination hearing pursuant to the mandate of 18 U.S.C. § 4211(c)(1).[1] On the basis of that hearing, the hearing officer recommended to the Parole Commission that Robbins's parole be terminated.

On the following day, October 29, 1976, Robbins was arrested for being under the influence of narcotics and for resisting arrest.[2] On November 5, 1976, relying in part on Robbins's recent arrest, the Parole Commission announced that it would not terminate Robbins's parole, despite the hearing officer's recommendation.

Robbins subsequently filed a motion under 28 U.S.C. § 2255, challenging the Parole Commission's decision not to terminate his parole. In August, 1977, while the motion was pending, Robbins received a second parole termination hearing. 18 U.S.C. § 4211(c)(2). Based on a number of events that had occurred since the first parole termination hearing, including the October 29,

1976 arrest, Robbins's parole was again continued. Robbins then supplemented and amended his pending § 2255 petition, adding a discussion of the second hearing. The district court denied relief,[3] and Robbins appealed. We affirm.

■ The statute governing parole termination, 18 U.S.C. § 4211(c)(1), requires that parolees be released from supervision after five years, unless it is determined, after a hearing, that termination of parole is inadvisable because the parolee is likely to violate some criminal law.[4] Robbins asks us to construe this statute as prohibiting the Parole Commission, in making its decision on parole termination, from considering events occurring before or after the five-year period of parole supervision. We decline to adopt this reading of the statute, as it is supported neither by the statute's language nor by its legislative history. Congress intended the Parole Commission to use any information it considered relevant in determining whether a parolee is likely to violate

---

1. Under 18 U.S.C. § 4211(c)(1):

 Five years after each parolee's release on parole, the [Parole] Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with the procedures prescribed in section 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.

 The procedures referred to include the following:

 (A) notice to the parolee of the . . . time, place, and purposes of the scheduled hearing;

 (B) opportunity for the parolee to be represented by an attorney (retained by the parolee, or if he is financially unable to retain counsel, counsel shall be provided pursuant to section 3006A) or, if he so chooses, a representative as provided by rules and regulations, unless the parolee knowingly and intelligently waives such representation.

 (C) opportunity for the parolee to appear and testify, and present witnesses and relevant evidence on his own behalf; and

 (D) opportunity for the parolee to be apprised of the evidence against him and, if he so requests, to confront and cross-examine adverse witnesses, unless the Commission specifically finds substantial reason for not so allowing.

 18 U.S.C. § 4214(a)(2).

2. These charges were dismissed in May, 1977, based on lack of evidence and an illegal search and seizure.

3. The district court correctly construed Robbins's papers as a petition for habeas corpus, 28 U.S.C. § 2241, rather than a motion under 28 U.S.C. § 2255. A petition for habeas corpus rather than a § 2255 motion, is the proper vehicle for obtaining judicial review of Parole Commission decisions. *Andrino v. United States Bd. of Parole*, 550 F.2d 519, 520 (9th Cir. 1977). Because the district court was Robbins's sentencing court, it had jurisdiction over his § 2255 motion and therefore had jurisdiction to construe it as a petition for habeas corpus. *See Pope v. Sigler*, 542 F.2d 460, 461 (8th Cir. 1976). Since it had personal jurisdiction over the defendant parole agent, Robbins's custodian, and over Robbins himself, the district court also had jurisdiction of Robbins's petition for habeas corpus. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 498–500 & n.15, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Andrino*, 550 F.2d at 520 (by implication).

4. *See* note 1 *supra*.

the law,[5] including events occurring both before and after the initial five-year parole period. The requirement that the determination be made after five years does not place a limit on the evidence that the Commission may consider. It merely establishes the maximum time period during which a parolee's status may go unreviewed by the Commission.

The parole termination statute does require, however, that the Parole Commission's decisions be based on a hearing at which the parolee is afforded an opportunity to refute the evidence against him and to present mitigating circumstances.[6] Thus, although the Commission was entitled to consider events occurring subsequent to Robbins's first hearing, it was not entitled to do so without giving Robbins a hearing concerning those events. In this respect, Robbins is correct that his rights were violated. Nevertheless, under the circumstances of this case, Robbins is entitled to no relief, because the hearing held in August, 1977 afforded Robbins the substantial equivalent of the only appropriate remedy.[7]

The situation in this case is analogous to that presented when a prisoner commits an act of misconduct while awaiting a parole date that has already been firmly set. In such a case, a Parole Commission regulation provides for reopening the proceedings to hold a parole rescission hearing, in which the prisoner has roughly the same procedural rights as in the initial parole setting hearing. See 28 C.F.R. § 2.34 (1978); see also 28 C.F.R. §§ 2.12, 2.29(c) (1978). This regulation complies with due process requirements. See Robinson v. Benson, 570 F.2d 920, 922–23 (10th Cir. 1978). Robbins is entitled to no more due process protection than the plaintiff in Robinson, because a favorable recommendation on parole termination by the hearing officer gives rise to less of a settled expectation of liberty than does a final parole date set by the Parole Commission. See id. at 922. Thus, in this case, due process required at most that the Parole Commission reopen Robbins's case and hold a hearing regarding the October 29, 1976 arrest, according Robbins the procedural rights required by statute in parole termination hearings.[8] The August 1977 hearing provided an adequate substitute for such a procedure.

In conclusion, Robbins is correct that "the line must be drawn somewhere." A decision to terminate parole must at some time become irrevocable regardless of subsequent misconduct by the parolee. However, the appropriate place to draw the line is the date of the final termination of parole, not the date of the termination hearing. Until such time as parole is terminated, and the Parole Commission no longer has jurisdiction of the former parolee,[9] it offends neither due process nor the applicable statutes for the Commission to reopen its proceedings and hold hearings concerning newly acquired information. Robbins's August 1977 hearing was an adequate remedy for the Commission's earlier failure to do so in this case. We therefore affirm the district court's judgment denying Robbins relief.

---

5. "The relevance of material before the [Parole] Commission is a determination committed to the agency's discretion." H.R.Rep.No.94–838, 94th Cong., 2d Sess. 28, reprinted in [1976] U.S.Code Cong. & Admin.News, pp. 335, 360. See also id. at 26, 33 [1976] U.S.Code Cong. & Admin.News at 358–59, 365.

6. See note 1 supra.

7. As a remedy for the violation of his procedural rights, Robbins was not entitled to release from parole, but only to a properly considered decision by the Commission. See Smith v. United States, 577 F.2d 1025, 1027–28 (5th Cir. 1978); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976).

8. A Parole Commission regulation, 28 C.F.R. § 2.28 (1978), apparently provides for such a reopening procedure in parole revocation cases. It is not clear whether § 2.28 is intended to apply to parole termination as well. See 28 C.F.R. § 2.43(c) (1978). Application of 28 C.F.R. § 2.28 (1978) in future cases such as this one, or adoption of a similar procedure for termination cases, would seem appropriate, however, provided that the provisions of 18 U.S.C. § 4214(a)(2) are followed.

9. See 18 U.S.C. § 4210(b)(2) (Commission's jurisdiction over parolee terminates upon termination of parole pursuant to 18 U.S.C. § 4211).