LITTLE, Cleve Church, Appellant,

v.

THOMAS, Dale; Warden, Metropolitan Correctional Center; United States Attorney General, Norman Carlson, Director U.S. Bureau of Prisons, Joseph Nardoza, Regional Commissioner U.S. Parole Commission.

No. 82–5301.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 3, 1982. Decided Dec. 6, 1982.

Cleve Church Little, pro se.

W. Hunt Dumont, U.S. Atty., Newark, N.J., for appellees; Judy Sello, Asst. U.S. Atty., Newark, N.J., on brief.

Before ALDISERT, HUNTER and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Cleve Church Little appeals from the judgment of the district court which granted appellees' motion for summary judgment on a petition for writ of habeas corpus filed by appellant pursuant to 28 U.S.C. § 2241. The district court based its denial of the petition on two separate grounds: first, that petitioner did not exhaust the administrative remedies which were available to him, *United States ex rel. Sanders v. Arnold,* 535 F.2d 848 (3d Cir.1976); second, that petitioner failed to state a claim upon which relief may be granted.

■ The proceedings below involved a judicial review of the United States Parole Commission. As properly stated by the district court judge, the scope of review is narrow: a federal court must be satisfied that the Commission "has followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious, nor based on impermissible considerations." *Zannino v. Arnold,* 531 F.2d 687, 690 (3d Cir.1976).

Before us, appellant argues that the district court erred in dismissing his petition on the ground that he failed to exhaust administrative remedies, erred in concluding that appellant failed to state a claim for which relief may be granted, and erred in failing to reach the merits of appellant's due process and equal protection claims. We find no error and affirm the district court.

Appellant was convicted in 1972, in the United States District Court for the District of New Jersey, on counts of possession of heroin with intent to distribute and unlawfully carrying and using a firearm to commit a felony. He received a total sentence of ten years with a three year special parole term. He was released on parole on June 12, 1975. Although appellant was subsequently arrested and found guilty on several state charges, and although these incidents resulted in proceedings before the probation office and the Commission, Little's parole remained in effect. In 1980 he requested a five year parole termination hearing and appointment of counsel. The hearing was held on September 23, 1980. The hearing summary indicates that the hearing examiner fully considered appellant's sentence, his adjustment to the community, his domestic situation, and his employment. On February 19, 1981, the Commission agreed with the probation office's recommendation that appellant be continued under parole supervision related to his ten year sentence. He was released from this supervision on February 2, 1982, at the expiration of his ten year sentence. He is currently under supervision on the basis of the three year special parole term.

On this appeal, Little contends that he was not required to exhaust administrative remedies both because they were unavailable to him and because he did not receive notice of the action. Although the Commission's affidavit indicates that notices were sent to him, he argues that the question of whether he received the notice presents an unresolved question of material fact which precluded the district court from dismissing the petition.

For our purposes we will assume that appellant did not receive the notice and, accordingly, this court, as did the district court below, will consider the merits of his contentions. These contentions are that (1) the district court erred in not granting him an evidentiary hearing; and (2) the Commission's decision not to terminate him from parole was improper because (a) the grounds upon which the Commission based its determination were inadequate, (b) he was not notified of the conditions of parole alleged to have been violated, (c) the five year hearing was unfair because the Com-

mission had decided in advance to continue him·under supervision, and (d) at the two, three, and four year reviews the Commission did not follow its own procedures.

 We conclude that no evidentiary hearing was required. The district court considered the Commission's affidavit and the only controverted issue of fact was whether appellant received a notice of action after the five year hearing. Because we are proceeding on the basis of the merits of this contention, we conclude that there was no genuine dispute as to material issues of fact. Upon review of the record, we conclude that the Commission had a rational basis for continuing the appellant on parole where there was evidence of numerous arrests and two convictions, the last of which occurred less than 18 months prior to the five year termination hearing. We also do not overlook appellant's history of violent and aggressive behavior. Similarly, we reject appellant's contention that his rights were violated because the Commission did not advise him of any parole violation to be charged at the five year termination hearing. The focus of this hearing is not to determine whether parole is to be revoked, nor whether a higher level of custody is to be imposed, but only to determine whether there is a likelihood of future criminal conduct which warrants continuation on parole. *Robbins v. Thomas,* 592 F.2d 546 (9th Cir. 1979). The preliminary decision that a hearing was necessary was not a prejudgment determination by the Commission. Accordingly we reject that contention of the appellant.

 Finally, we reject the contention that the Commission did not follow its own regulations. The statute does not specify a procedure as to how the reviews of a parolee's supervision status are to be conducted prior to five years on supervision; it does provide that review shall be conducted after two, three or four years on parole. 18 U.S.C. § 4211(b). Prior to the five year hearing his status for early termination was reviewed in May 1978, April 1979, and April 1980. Although his two year review for early termination of parole was delayed, that does not entitle him to release from parole but only to consideration of his sta-

tus by the Commission. The district court noted that he did receive early termination consideration after two years, even if this consideration was delayed that is a substantial equivalent of the only appropriate remedy that the district court could have ordered and hence he was not entitled to relief.

We have examined the record and are satisfied that the Commission did follow criteria appropriate, rational, and consistent with the statute and that its decision was not arbitrary and capricious, nor based on impermissible considerations. *Zannino v. Arnold,* 531 F.2d 687, 690 (3d Cir.1976).

Accordingly, it is ORDERED and ADJUDGED that the judgment of the district court will be affirmed.