995 F.2d 1001
 Stephen RUSS, Petitioner-Appellant,
v.
William PERRILL; J. Michael Quinlan, Director, U.S. Bureau
of Prisons; Benjamin F. Baer, Chairman, United States
Parole Commission; William P. Barr, Attorney General of the
United States, Respondents-Appellees.
 No. 93-1001.
 United States Court of Appeals,
Tenth Circuit.
 June 10, 1993.
 
 Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Asst. Federal Public Defender, Denver, CO, for petitioner-appellant.
 Michael J. Norton, U.S. Atty., and Elizabeth J. Ruffing, Sp. Asst. U.S. Atty., Denver, CO, for respondents-appellees.
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner was sentenced to six years imprisonment in 1975 for various drug offenses under the Youth Corrections Act, the former 18 U.S.C. § 5010(b). In 1976, he escaped from federal custody and was a fugitive for twelve years. He was re-arrested in August 1988 and returned to federal prison. He was paroled in October 1989.
 
 
 3
 For the next two and one-half years, Petitioner lead a fairly successful life as a parolee. He completed a drug after care program and was not charged with any crimes. At various times, he was employed or attended college. Accordingly, Petitioner requested a hearing pursuant to former 18 U.S.C. § 5017(b) and 28 C.F.R. 2.65(g)(1), which require that the Parole Commission review each parolee under the YCA at least once per year in order to determine whether to release unconditionally the parolee. Respondent concedes that this was not done either in 1990 or in 1991. Petitioner thus remained on parole through the spring of 1992.
 
 
 4
 In 1992, Petitioner's substance abuse problems once again surfaced. He was arrested in February for drunk driving,[1] and he either failed or missed several drug tests. He admitted himself to Cry Help, a residential drug treatment center, but was arrested at that facility on a parole violation warrant. The district court found that Petitioner had violated his parole by failing to report his arrest for drunk driving, using drugs, failing to submit supervision reports, and missing a drug test. He was returned to federal custody.
 
 
 5
 Petitioner then brought this petition for a writ of habeas corpus, alleging the violation of his rights under the YCA in two respects. First, he claims that the failure to give him an early termination hearing divested the Parole Commission of authority to revoke his parole a year and a half later. Second, he argues that the decision to return him to prison, rather than imposing other sanctions, following his parole violation was an abuse of discretion.[2]
 
 
 6
 The district court denied relief, and Petitioner appeals.
 
 
 7
 * There is no dispute that Petitioner's rights under the YCA were violated by the failure to hold an early termination hearing. The issue we face is the remedy to be afforded him for that violation of his rights.
 
 
 8
 Early termination hearings for adult parolees presents a useful analogy to this situation. Such hearings are required, in the adult parolee context, after five years. 18 U.S.C. § 4211(c)(1) (1988). Other circuits have held that the failure to hold the required hearing does not oust the Parole Commission of jurisdiction to conduct a subsequent parole revocation proceeding based on events which occurred after the time for the required hearing. "As a remedy for the violation of his procedural rights, [the petitioner] was not entitled to release from parole, but only to a properly considered decision by the Commission." Robbins v. Thomas, 592 F.2d 546, 549 n. 7 (9th Cir.1979). When parole is revoked based on subsequent violations of the conditions of the parolee's release, the petitioner "is entitled to no relief, because the [subsequent revocation proceeding] provided [the parolee] the substantial equivalent of the only appropriate remedy." Id. at 549. Similarly, another circuit ruled:
 
 
 9
 The lapse of five years gives a parolee the right to a hearing and decision on termination of supervision unless the Commission terminates supervision without a hearing.... Where a decision has not been rendered, the parolee may seek the aid of the court in a mandamus action to compel a decision as to his status, but he is not entitled to a writ of habeas corpus.
 
 
 10
 United States ex rel. Pullia v. Luther, 635 F.2d 612, 616-17 (7th Cir.1980).
 
 
 11
 Petitioner seeks to distinguish these cases based on the distinction between youth and adult offenders and the focus on rehabilitation under the YCA. We are not persuaded. All paroles involve substantial rehabilitative purposes, and the procedural setting is almost identical. The issue in both circumstances is whether the parolee is sufficiently rehabilitated to be unconditionally released from supervision. We therefore adopt the rule of Pullia and Robbins and conclude that the district court was correct in rejecting this argument.
 
 II
 
 12
 Petitioner next argues that the Parole Commission abused its discretion in returning him to prison after he sought treatment for his drug problem. During his second incarceration, a prison psychologist determined that Petitioner would not benefit from any rehabilitation programs available at that facility. Rather, the psychologist believed that Petitioner required a live-in drug treatment program. Accordingly, Petitioner argues that the Parole Commission's decision to move Petitioner from Cry Help to prison violated the rehabilitation purposes of the YCA.
 
 
 13
 Our review of the Parole Commission's decision is quite limited. We will only reverse if the decision was arbitrary and capricious or an abuse of discretion. Lewis v. Beeler, 949 F.2d 325, 331-32 (10th Cir.1991). The issue that the Parole Commission must determine under the YCA is whether the "offender's response to treatment and degree of rehabilitation" is sufficient to warrant non-custodial supervision. Benedict v. Rodgers, 748 F.2d 543, 547 (10th Cir.1984). Thus, the issue is whether Petitioner is sufficiently rehabilitated, not whether he will benefit from further confinement. Were it otherwise, a youth offender who was totally unresponsive to all treatment might be entitled to release.
 
 
 14
 Because Petitioner has violated the conditions of his release in four separate ways, the Parole Commission's decision that he was not sufficiently rehabilitated does not approach an abuse of discretion.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This charge was later dismissed
 
 
 [2]
 Since this action was filed, Petitioner has completed his sentence under the YCA and has left federal custody. This appeal, however, is not moot. Former 18 U.S.C. § 5021(a) provided that if a youth offender under the YCA received an unconditional discharge prior to the completion of his maximum sentence, the conviction would be automatically set aside. Petitioner is seeking such an unconditional discharge. This appeal therefore has important collateral consequences for Petitioner and is not moot under Sibron v. New York, 392 U.S. 40, 56, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968)