5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John BADEA, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-15315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Sept. 9, 1993.
 
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 John Badea appeals the district court's denial of his habeas corpus petition and the district court's order enjoining him from filing "any further lawsuits relating to his conviction, incarceration, or parole in Case No. CR-S-86-167-HDM." We affirm for the reasons stated in the magistrate judge's report and recommendation dated December 17, 1992. We add the following in response to Badea's arguments on appeal.
 
 
 3
 1. While 28 C.F.R. Sec. 2.43(b) provides that "[t]wo years after release on supervision, the Commission shall review the status of each parolee to determine the need for continued supervision," 28 C.F.R. Sec. 2.43(a)(1) further provides that, upon such review, "the Commission may terminate supervision." Thus, while the Commission is required to provide review, it is clearly not required to terminate parole supervision merely because a parolee has been on supervised release for two years. Compare 28 C.F.R. Sec. 2.43(c)(1) ("Five years after release on supervision, the Commission shall terminate supervision over such parolee....") (emphasis added). Given the outcome of Badea's December parole revocation hearing, he suffered no harm for lack of an October supervision-termination hearing. Based upon his arrest, the preliminary finding that he should be held over pending final revocation hearing, and the Commission's decision to revoke his parole, Badea's case is within the rule that "[t]he Parole Commission is not required to consider early termination of parole if there are case specific factors that caution against cessation of supervision." Horner v. United States Parole Commission, 870 F.2d 1489, 1492 (9th Cir.), cert. denied, 493 U.S. 963, 110 S.Ct. 404 (1989); 28 C.F.R. Sec. 2.43(e)(1). See Little v. Thomas, 719 F.2d 50, 52 (3rd Cir.1982) (delay in two-year review for early parole termination "does not entitle [parolee] to release from parole but only to consideration of his status by the Commission"). Clearly, the Commission "considered" Badea's "status" when it revoked his parole in December 1991.
 
 
 4
 2. In DeLong v. Hennessey, 912 F.2d 1144 (9th Cir.1990), this court established the test for determining the validity of a "vexatious litigant" order such as that issued by the court below: (1) the district court must give the plaintiff adequate notice and an opportunity to be heard; (2) the district court must present an adequate record for review supporting its finding that the plaintiff has abused the judicial system; (3) the district court must make "substantive findings as to the frivolous or harassing nature of the [plaintiff's] actions;" and (4) the district court must narrowly tailor the order to "closely fit the specific vice encountered." Id. at 1147-48 (citations omitted). The district court adequately met all four prongs of the DeLong test.
 
 
 5
 Badea's reliance on Moy v. United States, 906 F.2d 467 (9th Cir.1990), is misplaced. In Moy, unlike here, the district court ordered pre-filing approval of any action brought by Moy arising from any past, present, or future occurrences. See id. at 470-71. Here, the order specifically limits its restrictive effect to actions relating to Badea's conviction, incarceration, and parole for case number CR-S-86-167-HDM.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 We decline the Commission's invitation to assess sanctions under Fed.R.App.P. 38.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3