42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Athens Carl MCLAUGHLIN, Petitioner-Appellant,
v.
W.A. PERRILL, Warden; United States Parole Commission,
Respondents-Appellees.
 Nos. 94-1245, 94-1313.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that these cases may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Mr. McLaughlin appeals the district court's denial of his petition for a writ of habeas corpus. His petition is based on a disagreement with the United States Parole Commission over his presumptive parole date. In reviewing decisions by the Parole Commission, we must determine if the decision is arbitrary and capricious or is an abuse of discretion. Russ v. Perrill, 995 F.2d 1001, 1003 (10th Cir.1993). After reviewing the record, we find that "there is a rational basis in the record for the Commission's conclusions." Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir.1987). Mr. McLaughlin has presented no evidence other than his own bald assertions to counter the Parole Commission's findings.
 
 
 3
 Mr. McLaughlin also appeals the dismissal of his civil rights claim in an unrelated matter. Mr. McLaughlin was disciplined for engaging in a sexual act with his wife in the prison's visiting room. We find that there was ample evidence to support the disciplinary board's action. Accordingly, petitioner has not made out a constitutional violation, and dismissal was appropriate.
 
 
 4
 Both of Mr. McLaughlin's petitions were referred to magistrate judges pursuant to D.C. COLO. L.R. 72.4, who prepared reports and recommendations. The district court considered these reports and Mr. McLaughlin's objections thereto and properly denied both petitions. The decisions of the district court are affirmed for substantially the reasons set forth in the magistrate judges' recommendations and in the district court's orders adopting these recommendations.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470