45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roy M. ALEXANDER, Petitioner-Appellant,
v.
J.H. CRABTREE, Warden; United States Parole Commission,
Respondents-Appellees.
 No. 94-1375.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Roy Alexander appeals the district court's denial of his petition for a writ of habeas corpus. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 On August 28, 1981, Alexander was sentenced to four consecutive life terms under the former Youth Corrections Act ("YCA"), 18 U.S.C. 5010(c) (repealed 1984), in the United States District Court for the Central District of California, for his participation in the execution-style killing of four people, including a two-year-old child. He was sixteen at the time he committed the offenses.
 
 
 4
 On July 31, 1992, Alexander filed a petition for a writ of habeas corpus in the United States District Court for the District of Colorado.[2] As stated by the district court, the thrust of Alexander's petition was that the United States Parole Commission had not complied with the YCA because it had not given sufficient weight to his efforts at rehabilitation, including his participation in individual psychotherapy and group counseling, and his completion of the program plan at the institution of his confinement. Alexander argued that the Commission, instead, was relying exclusively on the severity of his crimes, and denying him parole on the pretextual ground that he lacked remorse. R. Vol. I, Doc. 25 at 2.
 
 
 5
 The district court denied Alexander's petition, concluding that the Parole Commission had neither failed to recognize the requirements of the YCA nor abused its discretion in refusing to parole him. Alexander appealed that decision to this court in Alexander v. Crabtree, 1993 WL 307649 (10th Cir. Aug. 9, 1993) ("Alexander I ").
 
 
 6
 The panel affirmed the trial court's decision denying Alexander immediate release. However, concluding that the Commission had disregarded the recommendation of the FCI Sheridan warden that Alexander be paroled,[3] the panel remanded the case and ordered the Commission to
 
 
 7
 come forward with some form of contemporary evidence supporting its decision [to deny Alexander parole] within a specified time period.... If, within that time period, the Commission does not come forward with contemporary evidence showing a rational basis for its continued belief that Petitioner's release would pose an unwarranted risk to the public, Petitioner would be entitled to release.
 
 
 8
 Id. at * 3.
 
 
 9
 On August 10, 1993, pursuant to the order of the court of appeals, the district court ordered the Parole Commission to submit by February 7, 1994, a supplemental response setting forth its reasons for failing to release Alexander.
 
 
 10
 On September 22, 1993, Alexander was transferred to FCI, Terminal Island, California, an institution specializing in mental health treatment. He was evaluated at that facility until December 1, 1993, at which time the Chief Psychologist at Terminal Island, Dr. Linda McGee, prepared a written evaluation on him. R.Vol. I, Doc. 34, Ex. 1. Dr. McGee's report was submitted to the Commission on January 3, 1994. The Commission conducted a special reconsideration hearing on February 1, 1994, and recommended no change to Alexander's continuation to a fifteen year reconsideration hearing in March 2001. On April 22, 1994, the Commission complied with the district court's August 10 order and filed its follow-up supplemental response.[4]
 
 
 11
 In an order dated July 11, 1994, the district court found that the Commission had complied with the directive of the court of appeals, and concluded that the Commission's actions were not irrational, arbitrary, or unsupported by the evidence. Accordingly, the court denied Alexander's petition. He has appealed that decision.
 
 
 12
 While we review de novo the district court's denial of Alexander's petition, Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S.Ct. 313 (1994); Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993), our review of the underlying determination of the Parole Commission is quite limited: "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.' " Lewis v. Beeler, 949 F.2d 325, 332 (10th Cir.1991) (quoting Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir.1987)), cert. denied, 112 S.Ct. 1972 (1992); see Russ v. Perrill, 995 F.2d 1001, 1003 (10th Cir.1993); Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir.1989), cert. denied, 495 U.S. 958 (1990).
 
 
 13
 In Alexander I, the panel stated that in order to disregard the warden's recommendation of parole, the Commission would have to "either articulate contemporary facts suggesting that those views are wrong, or seek the opinion of other mental health or corrections professionals regarding the suitability of release." Alexander I, 1993 WL 307649, at * 3.
 
 
 14
 In response, the Parole Commission transferred Alexander to a facility specializing in mental health treatment and evaluation where he was evaluated by a team of psychologists for over two months. Dr. McGee, Chief Psychologist at Terminal Island, submitted a detailed report in which she "strongly recommended" that Alexander receive "insight-oriented psychotherapy with emphasis on problems that precipitated his crime." R. Vol. I, Doc. 34, Ex. 1 at 6. She further concluded that Alexander "presents a moderate danger of committing another violent act if placed in the community without appropriate structure." Id.
 
 
 15
 The Commission may advance a prisoner's parole date if it determines that he has sufficiently responded to his treatment program. 28 C.F.R. 2.65(e). The decision must be arrived at on a case-by-case basis, and the Commission must equally weigh the prisoner's response to treatment, the seriousness of the offense, and the original parole prognosis, with no one factor capable of excluding the others. Id.
 
 
 16
 The regulations which implement the YCA provide that in order to evaluate an offender's response to treatment, the Commission must examine "whether the prisoner has shown that he has received sufficient corrective training, counseling, education, and therapy that the public would not be endangered by his release." Id. 2.65(d)(1). For those offenders who have exhibited serious or violent criminal behavior, the Commission is to be more cautious in finding that the offender has responded to treatment to the degree that he may be released. Id. 2.65(d)(2).
 
 
 17
 There is nothing in the Commission's report of its February 1, 1994, reconsideration hearing to suggest that the Commission has failed to comply with these regulations. R. Vol. I, Doc. 39, Attach. 2. Furthermore, there is contemporary evidence, Dr. McGee's report, which provides a rational basis for the Commission's conclusion that Alexander should not be paroled at this time. Thus, we conclude that the Commission's decision to deny parole is neither arbitrary nor capricious, nor is it an abuse of discretion.
 
 
 18
 Accordingly, the district court's order denying Alexander's petition for a writ habeas corpus is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 At the time he initiated the habeas corpus action, Alexander was incarcerated at the federal correctional institution in Sheridan, Oregon. The Colorado district court's jurisdiction was predicated on Alexander's previous incarceration at the federal correctional institution in Englewood, Colorado, where he was a member of a class action which litigated the rights of prisoners sentenced under the YCA. See Watts v. Hadden, 651 F.2d 1354 (10th Cir.1981). A 1988 order issued in that litigation specified that class members could be transferred to other districts, but that the District of Colorado would retain jurisdiction over them. See Watts v. Belaski, No. 78-M-495 (D. Colo. Dec. 6, 1988)
 
 
 [3]
 In a letter dated July 30, 1992, J.H. Crabtree, Warden of the FCI, Englewood, certified that Alexander had completed the treatment program developed for him upon his commitment to the institution, and recommended that "Mr. Alexander be reviewed by the United States Parole Commission and considered for a parole date commensurate with his two thirds date of April 12, 2101." R. Vol. I, Doc. 21, Ex. 18
 
 
 [4]
 While the court of appeals panel had ordered the Commission's response within 180 days, it also had allowed for an extension of that time upon a showing by the Commission that the evaluation period was insufficient. The district court granted such an extension, thus allowing the Commission to file its supplemental response on April 22, 1994