119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Istvan KELE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 96-56194.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-95-08267-WMB; William Matthew Byrne, Jr., District Judge, Presiding.
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Istvan Kele, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2241 habeas petition alleging that the United States Parole Commission's ("Commission") decision to continue his parole supervision violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Vargas v. United States Parole Comm'n, 865 F.2d 191, 193 (9th Cir.1988), and we affirm.
 
 
 3
 The scope of judicial review of decisions made by the Commission is exceedingly narrow. See Walker v. United States, 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam). A court may only consider whether the Commission has acted outside its statutory authority or has committed a constitutional violation. See Vargas, 865 F.2d at 193. The Commission acts outside its statutory authority if the Commission makes a judgment arbitrarily, in violation of its preponderance of the evidence rule or considers information barred by statute or regulation. See Roberts v. Corrothers, 812 F.2d 1173, 1181 (9th Cir.1987); see also Wallace v. Christensen, 802 F.2d 1539, 1552 n. 8 (9th Cir.1986) (en banc). Title 18, section 4211(c)(1) provides that "[f]ive years after each parolee's release on parole, the Commission shall terminate supervision over such parolee unless it is determined, after a hearing ... that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law." 18 U.S.C. § 4211 (repealed 1984).
 
 
 4
 Here, the Commission continued Kele's parole supervision after determining, pursuant to 18 U.S.C. § 4211, that there was a likelihood that Kele would engage in criminal conduct. In making this determination, the Commission relied on Kele's lack of regular employment, a 1993 prison disciplinary infraction where Kele threatened a prison staff member, and Kele's association with individuals who had criminal records.
 
 
 5
 Kele contends that the Commission acted arbitrarily when it considered a 1993 prison disciplinary infraction where he threatened prison staff. This contention lacks merit.
 
 
 6
 The Commission could properly rely on the record of Kele's disciplinary infraction, notwithstanding the fact that Kele was incarcerated pursuant to a parole revocation decision later held invalid by this court. See Robbins v. Thomas, 592 F.2d 546, 548-49 (9th Cir.1979) (per curiam) ("Congress intended the Parole Commission to use any information it considered relevant in determining whether a parolee is likely to violate the law."). Moreover, we cannot review Kele's contention that the Commission erroneously found Kele's testimony less credible than the prison infraction record. See Roberts, 812 F.2d at 1179 ("[T]he credibility of evidence is just the sort of judgment that is absolutely committed to the discretion of the Parole Commission.").
 
 
 7
 The Commission's decision that there was a likelihood that Kele would engage in criminal conduct, based on his prison record, was supported by a preponderance of the evidence. See id. at 1178. Thus, the Commission was acting within its statutory authorization when it continued Kele's parole supervision. See id.[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kele's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Commission properly relied on Kele's prison record, we need not reach Kele's contentions that the Commission acted arbitrarily by relying on his lack of regular employment or his association with individuals with criminal convictions