**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

USMAN SHEHU SULE,

      Petitioner-Appellant,

v.

WARDEN, ADX FLORENCE,
COLORADO,

      Respondent-Appellee.

No. 97-1210

(D.C. No. 96-S-822)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner is a former federal prisoner now in custody at the Immigration and Naturalization Services detention facility in Aurora, Colorado. Appearing *pro se* and proceeding *in forma pauperis*, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 asserting that his First and Fifth Amendment rights were violated by a prison disciplinary sanction withdrawing twenty-two days of good-time credit. Petitioner appeals the district court's dismissal of his section 2241 petition. Respondent moves for this court to dismiss the appeal for mootness.

Respondent contends the appeal is moot because Petitioner served his sentence and was released from United States Bureau of Prisons' custody on July 3, 1997. Respondent also argues there are no collateral consequences that could transform Petitioner's appeal into a justiciable controversy because the challenged disciplinary sanction only impacted a sentence that has been fully discharged. Petitioner argues his appeal is not moot because collateral consequences could flow from his intention to undertake a civil rights action for damages against the Bureau of Prisons and United States and from the sixty-month term of supervised release included in his sentence.[1]

Petitioner claims that because he intends to file a <u>Bivens</u> or Federal Tort Claims Act action against the Bureau of Prisons and the federal government for the denial of

---

[1] Petitioner only attacks the validity of the prison disciplinary sanction withholding good-time credit. Petitioner does not attack the validity of the underlying conviction or the sentence of 97 months imprisonment and 60 months supervised release for importation of heroin imposed by the United States District Court for the Eastern District of New York in 1990.

good-time credit, the rule in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), constitutes a collateral consequence flowing from the disciplinary sanction. Under <u>Heck</u>, Petitioner is required to obtain a judgment setting aside the prison disciplinary sanction as a prerequisite to claiming damages for constitutional violations under 42 U.S.C. § 1983. <u>See</u> <u>id.</u> at 486-87. If we were to find this appeal moot, we would effectively bar Petitioner from undertaking a civil rights action. We must determine whether the <u>Heck</u> bar constitutes a collateral consequence under existing precedent.

A case becomes moot if at any time during any stage of a judicial proceeding no live controversy exists or "the parties lack a legally cognizable interest in the outcome." <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969); <u>see</u> U.S. Const. art. III, § 2; <u>United States v. Chavez-Palacios</u>, 30 F.3d 1290, 1292-93 (10th Cir. 1994). However, an exception to the mootness doctrine occurs when "collateral consequences" from a judgment give a party a substantial stake in the outcome of the case. <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968). The collateral consequences doctrine recognizes that the law naturally imposes future indirect consequences when a previous judgment, conviction, or sentence affects the outcome of a later-existing dispute. <u>See</u> <u>Sibron v. New York</u>, 392 U.S. 40, 53-57 (1968); <u>Carafas</u>, 391 U.S. at 237; <u>see also</u> <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 294 (10th Cir. 1994) (holding habeas appeal not moot because possible collateral consequences could flow from misdemeanor conviction). While we acknowledge that the Seventh Circuit has suggested the collateral consequences doctrine is limited to a narrow

3

set of imposed legal disabilities such as being barred from holding office, voting in state election, and serving as a juror, see McClendon v. Trigg, 79 F.3d 557, 558 (7th Cir. 1996), our reasoning leads us to a contrary result.

The Supreme Court has held "that a criminal case is moot only if it is shown there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron, 392 U.S. at 57. A collateral consequence is not necessarily limited to the few legal penalties articulated by the Supreme Court in Carafas, 391 U.S. at 237, but may be defined more broadly as the possibility of a legal consequence stemming from one's status.[2] See Sibron, 392 U.S. at 55 (The "mere possibility" of an adverse legal collateral consequence "is enough to perserve a criminal case from ending ignominiously in the limbo of mootness.") (internal quotation marks and citation omitted). The structure of our existing law creates a variety of statuses-- such as the felon, the habitual offender, the parolee, or the probationer--from which collateral consequences may flow. See Carafas, 391 U.S. at 237 (case not moot because defendant could not vote or serve as juror as a consequence of his conviction); United States v. Reider, 103 F.3d 99, 101 (10th Cir. 1996) (release from federal custody and from any term of parole or supervised release did not moot appeal from order revoking release);

---

[2] Our use of "status" conforms to the following primary definition: "[T]he condition . . . of a person that determines the nature of his legal personality, his legal capacities, and the nature of the legal relations to the state or to other persons into which he may enter." Webster's Third New International Dictionary 2230 (1986).

4

Chavez-Palacios, 30 F.3d at 1293 (attack on sentence was not moot because appellate court decision could affect appellant's two-year term of supervised release); United States v. Smith, 997 F. 2d 674, 676 n.2 (10th Cir.) (felony status rendered appeal justiciable), cert. denied, 510 U.S. 937 (1993); City of Ottowa v. Lester, 822 P.2d 72, 74 (Kan. 1991) (appeal not moot because of collateral effect on habitual offender status).

In Russ v. Perrill, 995 F.2d 1001, 1003 n.2 (10th Cir. 1993), we held that petitioner's habeas appeal was not moot even though his sentence was fully discharged and he was no longer in federal custody. In Russ, petitioner brought a habeas petition for the violation of his rights under the Youth Corrections Act. Under that act, a youth offender's conviction would be set aside if he received an unconditional discharge prior to the completion of his maximum sentence. See id. If we had dismissed the appeal as moot, we would have barred the setting-aside of petitioner's conviction, even though we determined that petitioner's rights had been violated. Id. at 1003. We therefore concluded that the appeal was not moot because it "ha[d] important collateral consequences." Id. at 1003 n.2. Similarly, under Heck, one can pursue legal action for the deprivation of civil rights only when the underlying conviction or sentence has been invalidated. See Heck, 512 U.S. at 486-87. In the best-case scenario, where a habeas corpus petitioner's constitutional rights were in fact violated, that petitioner would have a valid basis for a section 1983 action. However, as in Russ, a dismissal of the habeas action for mootness would impose a legal disability on that petitioner because his

5

meritorious civil rights action would be barred by <u>Heck</u>.[3]  The irony of this result is that a petitioner whose civil rights clearly have been violated but who received a short sentence would be unable to satisfy the <u>Heck</u> rule.  A petitioner who also had a plausible civil rights claim but who received a life sentence could meet <u>Heck</u>'s requirement simply because he remained incarcerated.  Such a distinction would be arbitrary and senseless.  We conclude that the <u>Heck</u> rule requiring a successful attack on the underlying disciplinary sanction before pursuing a damages claim constitutes a collateral consequence within the meaning of the mootness doctrine.  <u>Accord</u> <u>Leonard v. Nix</u>, 55 F.3d 370, 373 (8th Cir. 1995).

Our review of the record indicates that, although no actual controversy exists at this stage of the proceeding, Petitioner has articulated the presence of an adverse collateral consequence that could be imposed as a result of the prison disciplinary sanction.  We therefore do not decide whether any collateral consequences stem from Petitioner's sixty-month term of supervised release.[4]  We deny Respondent's Motion to Dismiss this appeal for mootness and turn to the merits of Petitioner's section 2241 claim.

---

[3] We note that while, for the purposes of analysis, the collateral consequences doctrine is examined in light of the meritorious case where petitioner's constitutional rights were violated, the rule also encompasses the petitioner whose claim has no merit.

[4] Apparently, were we to address this issue, prior decisions in this circuit indicate that no collateral consequences would stem from Petitioner's sixty-month term of supervised release.  <u>See</u> <u>Johnson v. Riveland</u>, 855 F.2d 1477, 1481-82 & n.4 (10th Cir. 1988); <u>Vandenburg v. Rodgers</u>, 801 F.2d 377, 377-78 (10th Cir. 1986).

After reviewing the record, we affirm the district court's dismissal of the habeas petition for the reasons stated in the magistrate judge's Recommendation filed October 1, 1996, and adopted by the district court in its Order of Dismissal filed May 20, 1997. Judge Baldock concurs in the result only.

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge