John C. **BERKERY**

v.

**UNITED STATES PAROLE COMMISSION.**

Civil Action No. 97–4030.

United States District Court, E.D. Pennsylvania.

Feb. 9, 1998.

John C. Berkery, Flourtown, PA, pro se.

Karen L. Tomlinson, James G. Sheehan, U.S. Attorney's Office, Philadelphia, PA, for U.S. Parole Commission.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Petitioner John C. Berkery ("Berkery"), proceeding *pro se*, seeks reconsideration of the court's December 31, 1997 Order denying his petition for writ of mandamus. For the reasons stated below, Berkery's motion will be denied.

## BACKGROUND

Berkery, who began a nine year term of special parole on June 12, 1993, filed a petition for writ of mandamus compelling the United States Parole Commission (the "Commission") to hold a hearing on early termination of his special parole.

By Order dated December 31, 1997, the court held Berkery had no right to a hearing until June, 1998, five years after he began serving his term of special parole. The court also granted the Commission's motion to file exhibits in support of its opposition to a writ of mandamus under seal for *in camera* inspection.

On January 5, 1998, upon *sua sponte* motion for reconsideration of the court's Order granting the Commission's motion to file exhibits under seal for *in camera* review, the court issued a Rule to Show Cause and scheduled a hearing on whether the court should release to Berkery redacted copies of the exhibits filed under seal.

That same day, Berkery filed a notice of appeal of the court's December 31, 1997 Order. Upon learning of the court's Rule to Show Cause hearing, Berkery withdrew his appeal.

At the hearing held on January 14, 1998, Berkery stated he thought the court's *sua sponte* motion for reconsideration applied to both the Commission's motion for leave to file exhibits under seal for *in camera* inspection and his petition for writ of mandamus; he withdrew his notice of appeal based on that misunderstanding.

By Order dated January 14, 1998, the court directed the Commission to release to Berkery redacted copies of the exhibits filed under seal in support of its opposition to a writ of mandamus. On January 20, 1998, Berkery filed the present motion for reconsideration of the court's December 31, 1997 Order denying his petition for writ of mandamus.

## DISCUSSION

### I. Timeliness of Berkery's Motion for Reconsideration

■ "Motions for reconsideration or reargument shall be served and filed within ten (10) days after the entry of judgment, order, or decree concerned." Local Rule Civ.P. 7.1(g).

Berkery filed the motion for reconsideration on January 20, 1998, more than ten days after entry of the court's December 31, 1997 Order. Berkery, proceeding *pro se*, stated at the Rule to Show Cause hearing that he believed the court's January 5, 1998 *sua sponte* reconsideration applied to his petition for writ of mandamus; therefore he withdrew his timely notice of appeal. Berkery would be unfairly prejudiced if the court did not grant his request to file the motion for reconsideration *nunc pro tunc* within the ten day period, because the time for appeal from the December 31, 1997 Order has now lapsed. The court will consider the motion for reconsideration timely filed.

### II. Reconsideration

■ "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D.Pa. 1995).

■ Courts will reconsider an issue only "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n. 8 (3d Cir.1995); *Smith v. City of Chester*, 155

F.R.D. 95, 96–97 (E.D.Pa.1994). "A motion for reconsideration is ... not properly grounded on a request that a court rethink a decision it has already made." *Tobin v. General Elec. Co.*, No. 95–4003, 1998 WL 31875, at *1 (E.D.Pa. Jan.27, 1998).

■ Berkery, citing *Gambino v. Morris*, 134 F.3d 156 (3d Cir.1998), now asks this court to order the immediate termination of his term of special parole. His petition for writ of mandamus sought only an order compelling the Commission to hold a parole termination hearing.

The court has no authority to order the termination of parole; the court can only direct the Commission to hold a hearing as required by statute and regulation. *See Russ v. Perrill*, 995 F.2d 1001, 1003 (10th Cir.1993); *Penix v. United States Parole Comm'n*, 979 F.2d 386, 390 (5th Cir.1992), *cert. denied*, 508 U.S. 912, 113 S.Ct. 2348, 124 L.Ed.2d 257 (1993); *Sacasas v. Rison*, 755 F.2d 1533, 1535 (11th Cir.1985); *United States ex rel. Pullia v. Luther*, 635 F.2d 612, 616 (7th Cir.1980). Furthermore, Berkery has no entitlement to a termination hearing until five years have passed since the beginning of his term of special parole, which will occur in June, 1998. *See* 28 U.S.C. § 4211.[1] Until five years have elapsed, "[t]he statute does not specify a procedure as to how the reviews of a parolee's supervision status are to be conducted." *Little v. Thomas*, 719 F.2d 50, 52 (3d Cir.1982).

Berkery's reliance on *Gambino* is misplaced. *Gambino* dealt with a petition for writ of habeas corpus challenging a termination hearing that had already occurred. *See Gambino*, 134 F.3d at 159. The *Gambino* court held that parolees, when they have a hearing, have a right to a hearing that comports with due process; if the hearing was inadequate or if the Commission failed to identify reasons for denying termination of parole, the district court should remand the matter to the Commission for more adequate review. "Only '[w]hen a district court remands a case to the [Commission] for failure to adequately explain its decision and, on

remand, the Commission again declines to articulate a basis for the identical·conclusion, [may] a district court ... permanently decide the issue on the record before it.'" *Id.* at 164 (quoting *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 106 (3d Cir.1992)).

Because Berkery has no right to a termination hearing as of yet, *Gambino* is inapposite. When the Commission holds Berkery's termination hearing in June, 1998, it will be bound by the requirements set forth in *Gambino*. But Berkery cannot turn his petition for writ of mandamus compelling a hearing into a petition for habeas corpus ordering the immediate termination of his parole. *See Russ*, 995 F.2d at 1003. Berkery has set forth no new arguments justifying reconsideration of the denial of his petition for writ of mandamus; the motion for reconsideration will be denied.

An appropriate Order follows.

### ORDER

AND NOW, this 9th day of February, 1998, upon consideration of petitioner John C. Berkery's ("Berkery") motion for reconsideration of the court's December 31, 1997 Order and request to file the motion *nunc pro tunc*, the United States Parole Commission's (the "Commission") response thereto, and in accordance with the attached Memorandum, it is hereby **ORDERED** that:

1. Berkery's request to file his motion for reconsideration *nunc pro tunc* is **GRANTED**.

2. Berkery's motion for reconsideration is **DENIED**.

---

1. As the court stated in its December 31, 1997 Order, § 4211, though repealed as of November 1, 1987, applies to pending cases such as Berk-

ery's during a fifteen year phase-out period. *See* Pub.L. No. 104–232, 110 Stat. 3055, § 2; Pub.L. No. 101–650, 104 Stat. 5115, § 316.