**Jon R. PERROTON, Petitioner—Appellant,**

v.

**UNITED STATES PAROLE COMMISSION; Michael Benov, Warden, Respondents—Appellees.**

No. 03–15968.
D.C. No. CV–02–5562–SC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 22, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 32(a)(2).

Jon R. Perroton, pro se, Lompoc, CA, for Petitioner–Appellant.

Chinhayi J. Coleman, Asst. U.S. Atty., USSF–Office of the U.S., San Francisco, CA, for Respondent–Appellee.

Before GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

### MEMORANDUM**

Jon Robert Perroton, a federal prisoner, appeals pro se the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 or a writ of mandamus under 28 U.S.C. § 1361. He contends that the United States Parole Commission violated

his right to due process and former 18 U.S.C. § 4211 by failing to terminate parole supervision in September 2001. Perroton contends that he therefore is entitled either to immediate release from custody and termination of parole or to a new hearing at which the Commission would consider only information known to it in September 2001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The federal courts have authority to review whether the Parole Commission acted unconstitutionally or outside its statutory authority. *Benny v. United States Parole Comm'n*, 295 F.3d 977, 981 (9th Cir.2002). The Commission is required to hold a termination hearing five years after a prisoner's release from custody. 18 U.S.C. § 4211(c)(1); *Benny*, 295 F.3d at 982–85. The remedy for the "procedural violation" of failing to provide such a hearing normally is a writ of mandamus ordering the Commission to provide a hearing. *Benny*, 295 F.3d at 989. A writ of habeas corpus is an appropriate remedy if the petitioner demonstrates a causal link between improper action by the Commission and the fact or duration of his custody. *Id.* at 988–89 (citing *John v. United States Parole Comm'n*, 122 F.3d 1278, 1284 (9th Cir.1997) (holding that Commission deprived petitioner of due process by denying opportunity to cross-examine adverse witnesses during parole revocation hearing and ordering new hearing)).

Perroton is not entitled to immediate release and termination of parole because, despite its mandatory language regarding termination, § 4211(c)(1) entitles a parolee only to a termination hearing. *See Benny*, 295 F.3d at 982–85. He already received a termination hearing, along with a parole revocation hearing, in December 2002, and

so he is not entitled to a writ of mandamus compelling a hearing. *See id.* at 989.

Perroton contends that he is entitled to a writ of habeas corpus because his current custody is the result of the Commission's unlawful delay, which allowed it to accumulate sufficient information not only to maintain supervision, but also to reincarcerate him. He argues that although he committed certain acts before September 2001, his parole officer did not report them to the Commission until June 2002. Moreover, in August 2001 a regional commissioner's report recommended continued supervision based only on criminal acts and failure to pay much restitution, and he argues that at a hearing in September 2001 he would have established that these matters were not enough reason to justify continued supervision.

■ Perroton's speculation as to what the Commission would have considered and decided at a hearing in September 2001 is insufficient to meet his burden of establishing a causal link between the Commission's failure to hold a timely hearing and his custody. *See id.* at 988–89; *see also Robbins v. Thomas*, 592 F.2d 546, 548–49 (9th Cir.1979) (per curiam) (upon Commission's violation of due process in failing to hold hearing before continuing parole based on new criminal act committed after termination hearing, but before issuance of Commission's decision, adequate remedy was second hearing nine months later at which criminal act and other new information was considered). Accordingly, the district court did not err in denying his petition for a writ of habeas corpus.

**AFFIRMED.**[1]

---

1. Appellant's motion for bail pending appeal is denied as moot.